ALD-045                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2947
_____

IN RE: ALTON D. BROWN,
                                                Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 2:16-cv-01081)

_____

Submitted Pursuant to Fed. R. App. P. 21
December 4, 2025
Before:  SHWARTZ, FREEMAN, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: December 16, 2025)
_____

OPINION[*]
_____

PER CURIAM

    Pro se petitioner Alton D. Brown seeks a writ of mandamus.  Because Brown has

not demonstrated that he is entitled to such relief, we will deny his petition.

    In 2016, Brown filed a complaint in the District Court alleging civil rights claims

relating to his medical care while he was incarcerated at SCI-Greene and SCI-Fayette, as

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

well as related claims of retaliatory punishment. Pretrial proceedings were referred to a Magistrate Judge.[1] In 2022, the Magistrate Judge set a discovery schedule, and after discovery closed in 2024, the Magistrate Judge set deadlines for summary judgment filings and responses. Defendants sought summary judgment in August 2024, and the Magistrate Judge granted Brown two extensions of time to respond. The Magistrate Judge then temporarily stayed the case pursuant to an automatic stay entered in bankruptcy proceedings for defendant Wellpath, LLC.

Nearly eight months later, the Magistrate Judge lifted the stay and scheduled a status conference with the parties in August 2025. At the status conference, the Magistrate Judge set a date for Brown to respond to the summary judgment motions and stated that no further extensions would be granted. Nonetheless, the Magistrate Judge then granted Brown yet another extension of time, giving him until October 10, 2025, to file his summary judgment response. Brown filed various other motions after that, and the District Court reiterated the response deadline in responding to his motions. Brown has filed a "motion to stay summary judgment," along with another motion for an extension of time to respond to defendants' summary judgment motions, which remain pending before the Magistrate Judge. Dkt. Nos. 751,752.

Before filing those latest motions, Brown filed a mandamus petition in this Court. Brown seeks: (1) an order "requiring the District Court judges to respect [his] rights under the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation

---

[1] Magistrate Judge Cynthia Reed Eddy initially conducted proceedings until 2024; pretrial proceedings were then reassigned to Magistrate Judge Richard A. Lanzillo.

Act"; (2) prevention of "sabotaging and abusive attacks designed to worsen his chronic illnesses and adversely affect his attempts to adequately prosecute his legal matters"; (3) recusal of the District Judge and Magistrate Judge under 28 U.S.C. § 455; (4) an order directing the District Court to hold "appropriate hearings and fashion a remedy that would provide him with a reasonable opportunity to prosecute his pending cases"; and (5) an order directing the defendants to grant him access to his case files, which he sought in discovery. See Mandamus Petition at ECF p. 1, 11.

We will deny Brown's petition. "The writ of mandamus is an extreme remedy reserved for only the most extraordinary situations." In re Abbott Lab'ys, 96 F.4th 371, 379 (3d Cir. 2024) (internal quotation marks and citation omitted). To obtain a writ of mandamus, "a party must establish that (1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (alteration in original) (internal quotation marks and citation omitted).

Brown has not shown that he is entitled to mandamus relief. He disagrees with the District Court's rulings on various motions, including his request for a hearing and discovery requests, but mandamus is not a substitute for appeal. See Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996). Brown next claims that the District Court is forcing him to submit summary judgment responses on an unreasonable timeline, given his health issues. However, more than a year has passed since defendants filed their summary judgment motions, and Brown has received numerous extensions of time to respond since

3

then. Brown has also submitted more than a dozen filings to the District Court in the few months since his case was reopened in July 2025. Without reviewing the District Court's rulings on his extension requests, as this is not an appeal, we note that Brown currently has pending in the District Court an additional request for an extension of time that has not yet been addressed.

Disagreement with the District Court's decisions is also Brown's basis for seeking recusal and alleging bias, but we perceive no evidence of bias here. Rather, the Magistrate Judge and District Judge have granted many of Brown's requests over the nearly decade-long history of this case and have respectfully addressed his many filings in that time. See Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); SecuraComm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000) ("We have repeatedly stated that a party's displeasure with legal rulings does not form an adequate basis for recusal.").

Brown has presented no circumstances that support granting the extraordinary remedy of mandamus relief here.[2] Accordingly, we will deny his petition.

---

[2] We note that Brown's petition also claims recent mistreatment in prison by unidentified individuals, but we are "a court of review, not of first view," and cannot address those allegations in the first instance here. See O'Hanlon v. Uber Techs., Inc., 990 F.3d 757, 762 n.3 (3d Cir. 2021) (internal quotation marks and citation omitted).